Filed 12/22/21  P. v. Moorer CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  RODNELL MOORER,  Defendant and Appellant. | D078229  (Super. Ct. No. JCF000354) |

APPEAL from an order of the Superior Court of Imperial County, Monica Lepe-Negrete, Judge.  Affirmed.

Jay Temple, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, Rodnell Moorer was convicted of possession of a controlled substance (cannabis) in prison in violation of Penal Code section 4573.6. Moorer petitioned the trial court for recall of his sentence for this conviction in 2020, contending it is no longer a felony under Proposition 64, which added

Health and Safety Code section 11362.1, subdivision (a)[1] to decriminalize possession of small amounts of cannabis. (Prop. 64, § 4.4, approved Nov. 8, 2016, eff. Nov. 9, 2016; amended by Stats. 2017, ch. 27, § 129; § 11361.8, subd. (a).) The trial court concluded a violation of Penal Code section 4573.6, subdivision (a) remains a felony following the passage of Proposition 64 and denied Moorer's petition.

On appeal, Moorer challenges the trial court's denial of his petition. While this appeal was pending, the California Supreme Court issued an opinion resolving a split in the Courts of Appeal as to "whether Proposition 64 invalidates cannabis-related convictions under Penal Code section 4573.6, which makes it a felony to possess a controlled substance in a state correctional facility." (*People v. Raybon* (2021) 11 Cal.5th 1056, 1059 (*Raybon*).) The Supreme Court held that "possession of cannabis in prison remains a violation of Penal Code section 4573.6." (*Id*. at p. 1060.) We therefore affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In May 2015, after an unclothed body search following a family visit at Calipatria State Prison, correctional officers discovered that Moorer was concealing a bindle containing cannabis in a body cavity.

In 2016, California voters decriminalized the possession of less than 28.5 grams (approximately one ounce) of marijuana, or cannabis.[3] (Prop. 64;

---

[1] Unless otherwise indicated, statutory references are to the Health and Safety Code.

[2] We obtained the facts regarding the instant offense from the probation report. We omit details regarding the incident underlying Moorer's conviction as unnecessary to our decision.

2

§ 11362.1, subd. (a); see *Raybon, supra,* 11 Cal.5th at p. 1063; *People v. Perry* (2019) 32 Cal.App.5th 885, 888 (*Perry*).)

In January 2018, an indictment charged Moorer with one felony count of possessing contraband in prison in violation of Penal Code section 4573.6, subdivision (a). The indictment also alleged one serious or violent felony prior (*id.*, §§ 667, subd. (d), 1170.12, subd. (b)), and further alleged that Moorer committed the offense while confined in state prison (*id.*, § 1170.1, subd. (c)).

Moorer pled guilty in April 2018 to one count of violating Penal Code section 4573.6, subdivision (a), agreeing to the upper term of four years. The trial court sentenced Moorer to four years to run consecutive to his current sentence.

In July 2020, Moorer filed a petition in propria persona seeking to recall the four-year sentence for his Penal Code section 4573.6 conviction pursuant to Health and Safety Code section 11361.8, subdivision (a), on the ground that Proposition 64 decriminalized possession of cannabis in prison. The district attorney opposed Moorer's petition, contending that Penal Code section 4573.6 remained a felony. The district attorney encouraged the trial court to follow *Perry*, which concluded Proposition 64 did not decriminalize possession of cannabis in prison. The district attorney also addressed the conflicting opinion in *People v. Raybon* (2019) 36 Cal.App.5th 111, overruled by *Raybon, supra,* 11 Cal.5th 1056, which concluded that after Proposition 64, possession of a small amount of cannabis in prison is no longer a felony. At the time of briefing in the trial court, the Court of Appeal

---

3    In 2017, the Legislature replaced references to "marijuana" in the Health and Safety Code with the term "cannabis." (See, e.g., Stats. 2017, ch. 27, § 121, eff. June 27, 2017.) For consistency, we primarily use the amended terminology of "cannabis" throughout the remainder of this opinion.

opinion in *People v. Raybon*, *supra*, 36 Cal.App.5th 111 was under review by the California Supreme Court, which the district attorney argued rendered it merely persuasive, while the *Perry* opinion remained binding.[4]  Moorer filed a reply brief contending that *Perry's* reasoning and holding is without merit and contrary to Proposition 64's policies.

A court-appointed counsel represented Moorer at the hearing on his petition.  After hearing argument, the trial court denied Moorer's petition based on *Perry*, concluding Moorer was not entitled to resentencing under section 11361.8.

On appeal, Moorer—through counsel—argues that the passage of Proposition 64 decriminalizes possession of a small amount of cannabis and entitles him to relief from his Penal Code section 4573.6 conviction.  He urges this court to adopt the reasoning of the Court of Appeal in *People v. Raybon*, *supra*, 36 Cal.App.5th 111, which he contends is "more persuasive and better reasoned" than *Perry*.

DISCUSSION

Moorer was convicted of violating Penal Code section 4573.6, which provides:  "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances, without being authorized to so possess the same by the rules of the Department of Corrections . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of [Penal

---

[4]    In August 2021, the California Supreme Court issued its opinion reversing the Court of Appeal in *Raybon*.  (See *Raybon*, *supra*, 11 Cal.5th 1056.)

Code] Section 1170 for two, three, or four years." (Pen. Code, § 4573.6, subd. (a).)

Proposition 64 decriminalized the possession of small quantities of cannabis for persons 21 years of age or older. (See *Perry*, *supra*, 32 Cal.App.5th at pp. 889-890.) Among other things, it added section 11362.1, which provides in part: "Subject to Section[] . . . 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶] (1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis." (§ 11362.1, subd. (a).)[5]

Decriminalization is expressly subject to Health and Safety Code section 11362.45, which states in relevant part: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or . . . any other facility or institution referenced in Section 4573 of the Penal Code." (§ 11362.45, subd. (d).) The facilities referenced in Penal Code section 4573 include state prisons and county jails. (Pen. Code, § 4573, subd. (a).) Section 11362.45 has been characterized as an exception or "carve out" provision—i.e., section 11362.45 limits what is otherwise made lawful by section 11362.1. (See, e.g., *Perry*, *supra*, 32 Cal.App.5th at p. 895 [section 11362.45 is "an exception to the legalization of possession and use authorized by section 11362.1"]; *People v.*

---

[5] As noted, Proposition 64 legalizes certain activity involving 28.5 grams or less of cannabis by persons 21 years of age or older. When we refer to the decriminalization of the use and possession of cannabis in this opinion, for ease of reference, we do not always restate these age and weight specifications. (See *Perry*, *supra*, 32 Cal.App.5th at p. 890, fn. 8.)

*Herrera* (2020) 52 Cal.App.5th 982, 991 ["section 11362.45[, subd.] (d) carves out from Proposition 64's legalization of cannabis '[l]aws *pertaining to* smoking or ingesting' cannabis in a penal institution"].)

A person serving a sentence for a conviction that would not have been an offense after passage of Proposition 64 may petition the trial court for a recall or dismissal of his or her sentence. (§ 11361.8, subd. (a).) Whether a petitioning party is eligible for relief under section 11361.8, subdivision (a), presents a question of statutory interpretation which we review de novo. (*People v. Whalum* (2020) 50 Cal.App.5th 1, 9.)

The principal question before this court is whether, as a result of Proposition 64, it is permissible to possess small quantities of cannabis in prison. The Courts of Appeal had reached contrary conclusions on this issue, but our Supreme Court has since resolved the issue in *Raybon, supra*, 11 Cal.5th 1056.

Moorer's appeal is based on his contention that this court should follow the Court of Appeal in *People v. Raybon, supra*, 36 Cal.App.5th 111, rather than *Perry* and the cases that follow *Perry*. He claims that, under the "plain meaning" of Proposition 64 and the statutes affected thereby, he is eligible for relief from his conviction because possession of less than one ounce of cannabis in prison is no longer illegal. Specifically, Moorer urges that while the language of section 11362.45, subdivision (d) provides a carve out for *smoking or ingesting* cannabis in prison, it makes no such exception for *mere possession* of cannabis in prison. The California Supreme Court addressed and rejected these arguments when it reversed the Court of Appeal in *Raybon* and held that "possession of cannabis in prison remains a violation of Penal Code section 4573.6." (*Raybon, supra*, 11 Cal.5th at p. 1060.) The Supreme Court's opinion in *Raybon* is dispositive of the issue presented in this appeal,

and we are bound to follow it.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  We therefore affirm the trial court's order denying Moorer's petition for relief pursuant to section 11361.8, subdivision (a).

## DISPOSITION

The order denying Moorer's petition under section 11361.8 is affirmed.


GUERRERO, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.